UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED

2017 JUN 12 PM 12: 42

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

CASE NO:

RACHEL D. WILLIAMS,

      Plaintiff,

v.

PORT PARADISE HOTEL, LLC, a Florida limited
liability company d/b/a MARGARITA BREEZE, and
PARTH PATEL, an individual,



5:17-CV-261-Oc-30PRL

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

RACHEL D. WILLIAMS, ("WILLIAMS"), by and through her undersigned attorney,

files this, her Complaint for Damages against Defendants, PORT PARADISE HOTEL, LLC, a

Florida limited liability company d/b/a MARGARITA BREEZE, (hereinafter "MARGARITA

BREEZE"), and PARTH PATEL, (hereinafter "PATEL"), and states as follows:

### INTRODUCTION

1.    This is an action to recover unpaid overtime wage compensation under the Fair

Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and

28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant,

MARGARITA BREEZE, was an enterprise engaged in interstate commerce. At all times

pertinent to this Complaint, the corporate Defendant regularly owned and operated a business

engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, MARGARITA BREEZE and PATEL operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants'business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

      a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida
      and,

      b. Defendants were and continue to be a company and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, WILLIAMS was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, MARGARITA BREEZE was conducting business in Crystal River, Citrus County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendant, MARGARITA BREEZE, was the employer of Plaintiff, WILLIAMS.

11. At all times material hereto, Defendant, MARGARITA BREEZE was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, WILLIAMS her lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, MARGARITA BREEZE. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, WILLIAMS was directly essential to the businesses performed by Defendants.

16. Plaintiff, WILLIAMS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

17. On or about April 9, 2015 to or about November 15, 2015, Plaintiff, WILLIAMS was employed by the Defendants as a server.

18. From on or about November 26, 2015, Plaintiff, WILLIAMS worked as a manager at the Defendants' restaurant. Her employment terminated on April 14, 2017.

19. Plaintiff, WILLIAMS was paid $11.00 per hour during her employment as a manager.

20. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff. In all the weeks that Plaintiff, WILLIAMS worked as a manager, she was not paid time-and-one-half her regular hourly rate of pay for her hours in excess of forty in each week.

21. Defendant, PATEL was a supervisor and/or manager/owner who was involved in the day-to-day operations of the Defendant corporation and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

22. Defendant, PATEL was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, WILLIAMS.

23. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff, WILLIAMS repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff, WILLIAMS' employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

26. During Plaintiff's employment as a manager, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half

for all of her hours. Plaintiff, WILLIAMS was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, WILLIAMS intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, WILLIAMS at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

29. Defendants failed to properly disclose or apprise Plaintiff, WILLIAMS of her rights under the FLSA.

30. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, WILLIAMS is entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful actions of the Defendants, Plaintiff, WILLIAMS has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, WILLIAMS respectfully requests that judgment be entered in her favor against the Defendants:

a.   Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b.   Awarding Plaintiff overtime compensation in the amount calculated;

c.   Awarding Plaintiff liquidated damages in the amount calculated;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.   Awarding Plaintiff post-judgment interest; and

f.   Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   June 8, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/.  PETER BOBER
        PETER BOBER
        FBN:  0122955
        SAMARA BOBER
        FBN: 0156248