## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

IN CONSIDERATION of the agreements set forth below, and in order to avoid further time, expense and effort associated with any and all potential litigation or other matters between Rachael Williams (hereinafter referred to as "Williams" or "Plaintiff"), on the one hand, and Parth Patel and Port Paradise Hotel, LLC d/b/a Margarita Breeze (hereinafter, jointly and severally, referred to as "The Company" or "Defendants"), the parties hereto agree as follows:

1) <u>Background and Intent of the Parties.</u>

   A. Plaintiff brought a lawsuit (Case 5:17-cv-00261-JSM-PRL (M.D.Fla.) against Defendants under the Fair Labor Standards Act 29 U.S.C. §201 *et seq.* ("FLSA") (the "Dispute"). Defendants maintain that Plaintiff is not entitled to any relief whatsoever.

   B. The Parties desire to settle fully and finally all differences between them including, but in no way limited to, what may be Plaintiff's entitlement to unpaid FLSA wages, along with any other claims, whether direct or contingent, liquidated or unliquidated, accrued or unaccrued, known or unknown, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, which Plaintiff now owns or holds, has at any time owned or held against Defendants.

   C. <u>Opportunity to Negotiate and Consider</u>: The terms of this Agreement are the product of negotiations between the Parties, and the Parties stipulate that there is adequate consideration given to support the obligations of this Agreement. In executing this Agreement, Plaintiff has not relied on any representation, compromise, conduct or action made by and/or on behalf of Defendants or Defendants' attorneys. Plaintiff acknowledges that Plaintiff has been represented by and has obtained the advice of her own counsel and agrees that Plaintiff has been given a reasonable period of time to consider this Agreement. Plaintiff and Defendants confirm that they have had the opportunity to consult with their own respective counsel about this Agreement and did so to their satisfaction; they are relying on their own judgment and on the advice of their respective attorneys, and each confirm their ability to understand this Agreement and their authority to execute it; and do hereby accept the terms and conditions of this Agreement.

   D. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

2)     <u>Consideration</u>. In consideration for the promises made herein, including but not limited to, the Plaintiff's release of the Company, and in full and final settlement and in satisfaction of any and all claims Plaintiff has or had against the Company and in full satisfaction of any and all payments due (or may be due) to Plaintiff from Defendants under the FLSA, Defendants will pay a total of **$10,000.00** (the "Settlement Sum")(comprised of $2,821.89, less applicable taxable withholdings, made payable to Plaintiff as back gross wages, $2,821.89 in liquidated damages to Plaintiff; and, $3,880.00 as attorneys' fees and $476.21 as costs to Bober & Bober, P.A. as set forth below. The parties agree that the amount set forth herein for attorneys' fees and costs was negotiated as a separate amount from the amounts herein to be paid to Plaintiff.

The Company shall issue the appropriate tax forms in connection with these respective payments. Payment of the Settlement Proceeds is in full settlement of any and all claims brought by Plaintiff including, but not limited to, in this Dispute and under the FLSA including, but not limited to, claims for unpaid wages, minimum wages, overtime, compensation of any kind, compensatory and liquidated damages, attorneys' fees and costs. The Settlement Proceeds will be delivered in three separate checks to Plaintiff's counsel, Bober & Bober, P.A. by not later than August 31, 2017, as follows: Check # 1 to Rachael Williams for $2,821.89 in W-2 wages, less applicable taxable withholdings; Check # 2 to Rachael Williams as liquidated damages; and Check # 3 to Bober & Bober, P.A. for $4,356.21 for fees and costs. In no event shall any checks paid hereunder be disbursed until the U.S. District Court (M.D.Fla.) approves this Agreement and dismisses Plaintiff's claims with prejudice.

The parties hereto agree that after this Agreement is fully executed, they shall promptly file a Joint Motion to Approve Settlement and Dismiss Case With Prejudice.

3)     <u>Waiver and Mutual General Release</u>. In consideration for entering into this Agreement, Plaintiff, on behalf of herself and her descendants, dependents, heirs, executors, administrators, assigns and successors, fully, finally and forever releases, absolves, discharges and gives up any and all claims and rights that Plaintiff may have against the Defendants) as well as Defendants' past and present principal, agents, managers, shareholders, parent companies, subsidiaries, divisions, directors, officers, administrators, fiduciaries, attorneys, agents, and employees (collectively "Releasees"), arising under the Fair Labor Standards Act, or other federal state or local law governing the payment of overtime wages or minimum wages.

4)     <u>Sufficiency of Consideration</u>. Plaintiff agrees that the Settlement Proceeds are made in exchange, and constitute good and valuable consideration, for her execution of this Agreement.

5) <u>Time to Consider</u>. Plaintiff represents that she has reviewed all aspects of this Agreement and fully understands all the provisions of this Agreement, that Plaintiff understands that in agreeing to this document Plaintiff is releasing Defendants from any and all claims (including FLSA claims) Plaintiff may have against Defendants described herein, that Plaintiff voluntarily agrees to all the terms set forth in this Agreement, that Plaintiff knowingly and willingly intends to be legally bound by the same, that Plaintiff was given the opportunity to consider the terms of this Agreement and discuss them with legal counsel. Defendants likewise agree that they have entered in this Agreement voluntarily; that the Agreement is authorized, and that by the signature(s) below, Defendants intend to be bound by this Agreement.

6) Plaintiff also acknowledges that: (a) she has consulted with an attorney of her choosing concerning this Agreement; and (b) she has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Plaintiff's own judgment and/or her attorney's advice.

7) <u>Neutral Response to Employment Inquiries</u>. Defendants agree that henceforth they will respond to inquiries from prospective employers regarding Plaintiff by providing only Plaintiff's dates of employment and positions held. Defendants shall be prohibited from providing any other information to prospective employers of the Plaintiff. It shall be a material breach of the foregoing non-disparagement clause for the Defendants or their upper management (owners, managers or supervisors) to reveal to a prospective employer of Plaintiff, that Plaintiff brought litigation against the Defendants.

8) <u>No representation</u>. The Parties hereto represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

9) <u>Binding Effect</u>. This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Plaintiff expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

10) <u>Severable Provisions</u>. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

11) <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12) <u>Applicable Law</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Florida without regard to principles of conflict of law.

13) <u>Jurisdiction</u>. The Parties agree that jurisdiction to enforce, interpret and/or construe any provision of this Agreement shall be in Citrus County, Florida. Should Plaintiff be required to enforce the Defendants' payment obligations as set forth above, the Plaintiff shall be entitled to attorneys' fees and costs with respect to such efforts as well as collection.

14) <u>Construction of Agreement</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. Each Party has had the opportunity to cooperate in the drafting and preparation of the Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party on the basis that the Party was the drafter.

15) <u>Signatures</u>. The Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, faxed or scanned copies of such signed counterparts may be used in lieu of the originals for any purpose.

16) <u>No Waiver/All Rights Are Cumulative</u>. No waiver of any breach of any term or provision of the Agreement shall be construed to be, nor shall be deemed, a waiver of any other breach of the Agreement. No waiver shall be binding unless it is made in writing and signed by the party waiving the breach. All rights are cumulative.

17) <u>Parties' Acknowledgment</u>. The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital, and that no representation, promise or inducement has been made other than as set forth in this Agreement, and that each Party enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that she/it understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

8/29/17
Date

Plaintiff

Rachael Williams

8/24/17
Date

Port Paradise Hotel, LLC d/b/a Margarita Breeze
By: _____ PARTH PATEL
Its  OWNER

8/24/17
Date

Parth Patel